SHAWN N. ANDERSON
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
P.O. Box 500377
United States Courthouse, Second Floor
Saipan, MP 96950
TEL: (670) 236-2980
FAX: (670) 236-2985

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | Criminal Case No. 1:23-00026 |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| DAVID MATTHEW FRAHM, | |
| Defendant. | |

Plaintiff United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Eric S. O'Malley, Assistant United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Defendant David Matthew Frahm ("Defendant") and Defendant's counsel, Richard C. Miller, agree to the following Plea Agreement ("Agreement"):

1. **Guilty Plea and Maximum Penalties**

Defendant agrees to plead guilty to Counts Two and Three of the Superseding Indictment (ECF 6), charging him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), a Class C felony with a maximum term of imprisonment of ten (10) years (Count Two), and Engaging in Illicit Sexual Conduct in Foreign Places, in violation of 18 U.S.C. §§ 2423(c) and (f), a Class B felony with a maximum term of imprisonment of thirty (30)

Plea Agreement – Page 1 of 15

years (Count Three). Defendant understands that the Court may impose a fine not to exceed $250,000, and that a mandatory $100 special assessment applies to each count. Also, unless the Court finds Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed pursuant to the Justice for Victims Trafficking Act of 2015, 18 U.S.C. § 3014, and pursuant to 18 U.S.C. § 2259A the Court may order an additional special assessment of up to $17,000 for any person convicted of an offense under 18 U.S.C. § 2252A(a)(5). The conviction may also deprive Defendant of certain rights, such as the right to vote or the right to public assistance. These maximum penalties notwithstanding, if this Agreement is accepted by the Court, Defendant will be sentenced to a term of imprisonment of one hundred and fifty-six (156) months.

2. **Sex Offender Registration**

Upon completion of his prison sentence, pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 34 U.S.C. §§ 20911(3) and 20915(a)(2), Defendant shall register as a sex offender for 15 years if the Court determines Defendant is a Tier I sex offender, or 25 years if the Court determines Defendant is a Tier II sex offender, and shall keep the registration current in each jurisdiction where Defendant resides, where Defendant is an employee, and where Defendant is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, Defendant shall also register in the jurisdiction in which the conviction occurred if different from Defendant's jurisdiction of residence. Defendant shall provide proof of registration to the Probation Officer within three days of Defendant's release from prison.

3. **Supervised Release**

Defendant will be sentenced to serve a term of supervised release after completing his prison sentence. Pursuant to 18 U.S.C. § 3583(k), the term of supervised release will be within the Court's discretion, but will be a minimum of five years, and up to a life term. Defendant

Plea Agreement – Page 2 of 15

understands that while on supervised release, a violation of his sex offender registration requirements or other conditions of supervised release may carry an additional penalty of re-imprisonment for all or part of the term of supervised release, without credit for time previously served on supervised release.

As part of the terms and conditions of supervised release, Defendant agrees to the following:

### (i) Counseling

Defendant shall participate in psychological counseling and/or psychiatric treatment and/or a sex offender treatment program if available where Defendant resides, which may include inpatient treatment upon Court order. Defendant shall abide by all rules, requirements, and conditions of the program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but Defendant retains the right to invoke the Fifth Amendment. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

As directed by the Court, as determined by his financial ability, Defendant shall pay all or part of the costs of treating Defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. Defendant shall provide payment and proof of payment as directed by the Probation Officer.

### (ii) Contact with Others

Defendant shall not have direct contact with any child he knows or reasonably should know to be under the age of 18 without the permission of the Probation Officer. If Defendant has any direct contact with any child he knows or reasonably should know to be under the age of 18 without the permission of the Probation Officer, he must report this contact to the Probation Officer within 24 hours. The reported contact will not serve as a basis for revocation unless

there is an allegation of unlawful conduct. Direct contact includes written communication, in-person communication, or physical contact in any private or exclusive setting with any child he knows or reasonably should know to be under the age of 18 whether or not that child is accompanied or is unaccompanied by any parent or adult guardian and in such situations Defendant immediately shall remove himself from the setting or location and under no circumstance shall Defendant allow or invite any child into his residence at any time. Direct contact does not include incidental contact during ordinary daily activities in public places.

Defendant shall not affiliate with, own, control, volunteer for or be employed in any capacity by a business or organization that causes Defendant to regularly contact persons under the age of 18. Defendant shall not affiliate with, own, control, volunteer for or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

### (iii) Employment

Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

### (iv) Search

Defendant shall submit Defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by Defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

### (v) Computers

Defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to Defendant's first use. Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

All computers, computer-related devices, and their peripheral equipment, used by Defendant shall be subject to search and seizure. Defendant shall pay the cost of a computer monitoring program, in an amount not to exceed $32 per month per device connected to the internet. This shall not apply to items used at Defendant's employment site that are maintained and monitored by the employer.

### 4. Court's Role in Plea and Sentencing Procedure

The Court is not a party to this Plea Agreement. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), if this Agreement is accepted by the Court, the Court will impose the agreed upon sentence. Defendant understands that the United States may withdraw from this Agreement if the Court imposes a different sentence than agreed upon. Defendant further understands that Defendant may withdraw from this Agreement if the Court imposes a sentence different than agreed upon. If the Court rejects the Agreement, it shall become null and void and all terms and obligations thereunder shall be terminated.

## 5. Waiver of Constitutional Rights

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court will be withdrawn and dismissed upon the Court's acceptance of this plea agreement, and any associated appellate rights will be waived.

## 6. Elements of the Offenses

Count Two

The United States and Defendant agree that to convict Defendant of Possession of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252A(a)(5)(B), the United States would have to prove the following elements beyond a reasonable doubt:

(a). First, Defendant knowingly possessed or knowingly accessed with intent to view a computer disk that contained an image of child pornography.

(b) Second, Defendant knew that the computer disk contained an image of child pornography.

(c). Third, the image of child pornography was transported using a means or facility of

interstate commerce, including by computer.

Count Three

The United States and Defendant agree that to convict Defendant of Engaging in Illicit Sexual Conduct in Foreign Places, in violation of 18 U.S.C. § 2423(c), the United States would have to prove the following elements beyond a reasonable doubt:

(a). First, Defendant is a United States citizen.

(b) Second, Defendant resided either temporarily or permanently in a foreign country.

(c). Third, while residing in a foreign country, Defendant engaged in illicit sexual conduct.

Illicit sexual conduct is a sexual act with a person under the age of 18 that would be illegal if it occurred in the United States, any commercial sex act with a person under the age of 18, or the production of child pornography.

7. **Factual Basis and Statement of Facts**

The United States and Defendant stipulate and agree that the following facts are accurate, that the United States could prove these facts beyond a reasonable doubt at trial, and these facts constitute an adequate factual basis for Defendant's guilty plea:

Count Two

(a). On or about March 27, 2019, in the District of the Northern Mariana Islands, Defendant knowingly possessed a laptop computer which contained a visual depiction of a minor engaged in sexually explicit conduct.

(b). Defendant did so knowing the computer contained a visual depiction of a minor engaged in sexually explicit conduct, specifically, a picture of a lascivious exhibition of the anus, genitals, and pubic area of a minor.

(c). The visual depiction was transported through a means or facility of interstate and

Plea Agreement – Page 7 of 15

foreign commerce, specifically, by using the laptop computer to transport the digital file in interstate commerce, from Ukraine, where the visual depiction was created, to the District of the Northern Mariana Islands.

Count Three

    (a).    Defendant is a citizen of the United States.

    (b).    In or about February 2024, Defendant was residing in a foreign country, specifically, in Malaysia.

    (c).    On or about February 1, 2024, Defendant knowingly and intentionally produced a visual depiction by video of an eleven year-old child that was a lascivious exhibition of the child's pubic area, specifically, by surreptitiously video recording the child after taking a shower.

    (d).    To make the recording, Defendant used his mobile device that was capable of connecting to the internet, and which was an instrumentality that was transported in foreign commerce, specifically, an Android cellular telephone that was not manufactured in the country of Malaysia.

This statement of facts is made for the limited purpose of supporting Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts relevant to sentencing, unless otherwise prohibited in this Agreement.

**8.    Waiver of Inadmissibility of Statements**

Defendant voluntarily, knowingly and intelligently agrees to waive the inadmissibility of statements made by Defendant during the course of the investigation, including during interviews with government agents. This waiver shall apply if Defendant withdraws this guilty plea or breaches this Plea Agreement. Defendant acknowledges that any statements made by Defendant to law enforcement agents in the course of this case would be admissible in the Government's

case-in-chief if Defendant were to withdraw or breach this Agreement.

The United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands agrees to not bring any additional charges against Defendant based upon information in its possession at the time of this Agreement and arising out of Defendant's conduct charged in the Superseding Indictment as well as any information obtained pursuant to the Government's pending Mutual Legal Assistance request to Malaysia, and after the Court renders its sentence, to dismiss Count One of the Superseding Indictment with prejudice, provided Defendant complies with all terms of this Agreement prior to being sentenced.

9. **United States Sentencing Guideline Calculations**

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will consider these Guidelines when determining whether to accept this Agreement, as well as other sentencing factors under 18 U.S.C. § 3553(a).

(a). **Base Offense Level**

The United States and Defendant agree and stipulate that the base offense level for Count Two is **18**. U.S.S.G. §2G2.2(a)(1).

The United States and Defendant agree and stipulate that the base offense level for Count Three is **24**. U.S.S.G. §2G1.3(a)(4).

(b). **Specific Offense Characteristics**

The United States and Defendant agree and stipulate that the following specific offense characteristics apply to Count Two:

1. **+2** because the offense involved the use of a computer or interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. U.S.S.G. §2G2.2(b)(6).

Plea Agreement – Page 9 of 15

The United States and Defendant agree and stipulate that the following specific offense characteristics apply to Count Three:

    1.    <u>+8</u> because the offense involved a minor who had not attained the age of 12 years. U.S.S.G. §2G1.3(b)(5).

(c). <u>Chapter Three Enhancements</u>

The United States and Defendant agree that no Chapter Three enhancements apply.

(d). <u>Multiple Count Analysis</u>

The United States and Defendant agree that pursuant to U.S.S.G.§3D1.4, 1/2 unit is assigned to Count Two, and one (1) unit is assigned to Count Three resulting in a one (1) level increase to the Group with the Highest Offense Level of Level <u>32</u> (Count Three); all resulting in a combined adjusted offense level of <u>33</u>.

(e). <u>Acceptance of Responsibility and Obstruction</u>

The United States and Defendant agree that a decrease for acceptance of responsibility under U.S.S.G.§3E1.1 is not warranted because Defendant fled the United States in response to the investigation into Counts One and Two of the Superseding Indictment and resided unlawfully in Malaysia for four years. The United States and Defendant also agree that an increase for obstructing or impeding the administration of justice is not warranted under U.S.S.G.§3C1.1 because Defendant fled before any charges were filed.

Furthermore, Defendant agrees to pay the $100 mandatory special penalty assessment for each count ($200 total) to the Clerk of Court for the District of the Northern Mariana Islands, at or before sentencing.

(f). <u>Criminal History</u>

The United States and Defendant agree that Defendant's Criminal History Category is <u>I</u>.

(g).    **Stipulated Offense Level**

Based on the foregoing, the United States and Defendant stipulate and agree that the appropriate final Offense Level for Count Three is **33**, and with Criminal History Category **I**, the sentencing range for this offense is 135-168 months' incarceration.

10. **Recommended Length of Imprisonment**

The United States and Defendant agree to a sentence of one hundred and fifty-six (156) months.

11. **Relevant Conduct**

The United States and Defendant agree that, in the event that any court subsequently rules invalid or unconstitutional either of the counts to which Defendant is pleading guilty, the underlying conduct is nonetheless relevant and admissible for the purpose of sentencing, and justifies the sentence rendered under either count, even if the sentence is above the U.S.S.G. range for that count.

12. **Criminal Fine**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

13. **Mandatory Restitution**

The United States and Defendant agree that Defendant's conviction for Count Two, a violation of 18 U.S.C. § 2252A(a)(5), subjects him to mandatory restitution under 18 U.S.C. § 2259.

14. **Pending Motions**

United States and Defendant agree that any motions pending before the Court will be withdrawn upon the Court's acceptance of the Agreement and imposition of sentence, and that any claims or arguments therein will be waived. Should the Court conditionally accept the Agreement

Plea Agreement – Page 11 of 15

and defer final acceptance and sentencing until after the United States probation office completes its pre-sentence investigation report under Fed. R. Crim. P. 32(c), Defendant and the United States request that consideration of and hearings related to the motions be stayed until the Court makes its final determination regarding the Agreement. Should the Court reject the Agreement, the stay should be lifted with appropriate tolling under the Speedy Trial Act, and if needed, a hearing on the motions re-calendared.

### 15. Additional Violations Can Void Plea Agreement

United States and Defendant agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

### 16. Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives the right to appeal the conviction, including any affirmative defenses or objections based on violations of the statute of limitations, and the sentence the Court imposes, provided it is consistent with the terms of this Agreement. Defendant further waives the right to file any post-conviction motion attacking the conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

17. **Integration Clause**

The United States and Defendant acknowledge that this document constitutes the entire Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Agreement is effective when signed by all parties and cannot be modified except in a writing that is signed by the United States and Defendant, or by the agreement of all parties on the record in open court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands.

Shawn N. Anderson
United States Attorney

By: _____        8-30-24
ERIC S. O'MALLEY                                         Date
Assistant U.S. Attorney

**Defendant's Certification**

I have read this Agreement and have carefully reviewed and discussed every part with my attorney. I understand and voluntarily enter into this Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Agreement and no one has threatened or forced me in any way to enter into this Agreement. I am agreeing to plead guilty because I am guilty.

_____        8/30/2024
DAVID MATTHEW FRAHM                          Date
Defendant

**Attorney's Certification**

I have read this Agreement and have discussed it with my client. I am of the opinion that this Agreement accurately and completely sets forth the entirety of the agreement between the parties. I am not aware of any reason why the Court could not accept Defendant's plea of guilty.

_____        8/30/2024
RICHARD C. MILLER                                  Date
Attorney for Defendant

Plea Agreement – Page 14 of 15

**THIS PAGE IS BLANK**